IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00013-LTB-BNB

MARGRITTE C. LINDSEY,

Plaintiff,

v.

AURORA PUBLIC SCHOOLS, a Colorado school district and the Board of Education
thereof,
DR. ROBERT ADAMS, individually and in his official capacity, and
DR. SUSAN MCALONAN, individually and in her official capacity,

Defendants.

_____

## PROTECTIVE ORDER
_____

        Upon a showing of good cause in support of the entry of a protective order to

protect the discovery and dissemination of confidential information or information which

may annoy, embarrass, or oppress any party, witness, or person providing discovery in

this case, IT IS ORDERED:

        1.      This Protective Order shall apply to all documents, materials, and

information, including without limitation, documents produced, answers to

interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the

Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in FED. R. CIV. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      The parties may designate as "CONFIDENTIAL" information that is confidential and that implicates the privacy interests of (a) current or former School District employees, including the plaintiff and (b) current or former School District students, and may include, without limitation, personnel records, student records, and personal information related to the plaintiff (e.g. financial and medical records). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and as stated in this Protective Order.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)      attorneys working on this case;

(b)      persons employed or associated with the attorneys working on the case;

(c)      the parties, including designated representatives for the defendant;

(d)      expert witnesses and consultants retained in connection with this proceeding;

(e)      the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed in paragraph 4 (other than those listed in paragraphs 4(a), (b), (e), and (f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL."

7.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof may be designated as CONFIDENTIAL and be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL bears the burden of filing a motion requesting that the Court determine whether the disputed information should be treated as CONFIDENTIAL under the terms of this Protective Order.  Until the Court rules on the motion the information shall be treated as CONFIDENTIAL.  If the designating party fails to file such a motion within the prescribed time, or if the Court denies such motion, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      At the conclusion of this case, whether by settlement, trial, appeal or otherwise, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

Notwithstanding this provision, counsel for the parties may keep copies of CONFIDENTIAL information in their files, but the provisions of this Protective Order will continue to apply to that information until it is returned to the party (or to the party's counsel) that designated it as CONFIDENTIAL or until the information is destroyed.

10.     This Protective Order may be modified on motion of a party or by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated January 31, 2006.

BY THE COURT:

 s/ Boyd N. Boland

United States Magistrate Judge